**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GLEN LIVAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-441** |
| **DARREL VANNOY, ET AL.** | **SECTION: "J(1)** |

## ORDER AND REASONS

Petitioner, Glen Livas, filed the instant federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Louisiana. However, this Court lacks jurisdiction over the matter.

"An action under § 2254 may be filed in either the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." Brian R. Means, Federal Habeas Manual § 1:103 (June 2025 Update) (quotation marks omitted). "In the event the state or federal prisoner files his motion or petition in the wrong federal jurisdiction – one that fails to satisfy the territorial jurisdiction rule – the district court is authorized to transfer the motion or petition to the appropriate federal judicial district." Id. § 1:107.

Livas is not in custody in this judicial district, and he was not convicted or sentenced in this judicial district. He is incarcerated in Angola, Louisiana, and he is challenging a conviction obtained in a state court in the Parish of East Baton Rouge. The Parish of East Baton Rouge is located within the boundaries of the United States District Court for the Middle District of Louisiana. 28 U.S.C. § 98(b). Therefore, in the interest of justice, this matter should be transferred to that district. *See* 28 U.S.C. §§ 1406(a) and 1631.

Accordingly,

**IT IS ORDERED** that this matter be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

New Orleans, Louisiana, this ___11th___ day of March, 2026.

 

 

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

2